■ In the Matter of the Claim of VINCENT PETRIE, Respondent, against CRUCIBLE STEEL COMPANY OF AMERICA et al., Appellants, and ÆTNA LIFE INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant, an office worker in a supervisory capacity, suffered an injury from burns when an eye shade which he was wearing caught fire while claimant was in the process of lighting a cigar. There is evidence in the record that claimant was at his desk and doing "paper work" for the employer when the accident occurred about 10 minutes before quitting time. The employer and carrier appeal from an award on the sole ground that the accident did not arise out of the employment, although appellants concede that it happened in the course of employment. It is appellants' contention that the accident was the result of a personal act, unrelated to the employment. Claimant testified that the conditions of employment required him to work under artificial light at all times, and that he wore an eye shade upon the advice of a doctor because of a previously enucleated right eye. The employer knowingly permitted smoking while claimant was on duty and at work. Here the instrumentality which actually caused the injury was required by the condi-

tions of the employment, and, with smoking on the job permitted by the employer, the board was not bound to find that the accident in the act of lighting a cigar did not arise from the employment. Not all "smoking" accidents may be brought within any general rule, but each must depend upon the particular circumstances. This record contains evidence to sustain the board's finding that the accident arose out of the employment. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See post, p. 991.]